ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JUAN BOLANOS RODRIGUEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 309-005 |
| | ) | |
| WALT WELLS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. One of Petitioner's objections merits further discussion, but it does not change the Court's opinion regarding the Magistrate Judge's Report and Recommendation.

The Magistrate Judge recommended that the instant petition be dismissed because it did not state a claim for relief under § 2241. (Doc. no. 7, pp. 2-3). The Magistrate Judge noted the petition was also subject to dismissal for failure to exhaust administrative remedies. (Id. at 3-4). Petitioner has asserted in his objections that exhaustion would be futile, claiming that "success is impossible" and that the Bureau of Prison's administrative remedy process "will not provide Petitioner with any solution." (Doc. no. 9, p. 2). As explained in the Report and Recommendation, the failure of a prisoner to exhaust his administrative remedies prior to filing a complaint or petition in federal court bars a court

from granting relief under such a complaint or petition. 42 U.S.C. § 1997e(a); Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004) (*per curiam*); Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992) (*per curiam*). Moreover, the Eleventh Circuit has held that perceived futility of exhaustion does not excuse a prisoner from pursuing administrative relief before filing a civil complaint in federal court, e.g., Higginbottom v. Carter, 223 F.3d 1260, 1261 (11th Cir. 2000) (*per curiam*), and based on Eleventh Circuit case law, Petitioner is still subject to the requirement of administrative exhaustion, Martin v. Zenk, 244 Fed. App'x 974, 977 (11th Cir. 2007) (*per curiam*) (citing Skinner, 355 F.3d at 1295).

That having been stated, those courts that apply a futility exception do so in only "extraordinary circumstances," and require the petitioner to "bear[] the burden of demonstrating the futility of administrative review." See Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994). Here, Petitioner makes no effort to demonstrate any kind of extraordinary circumstances that would establish that he is entitled to the benefit of the futility exception. The mere fact that Petitioner may believe that administrative redress will be denied or that no solution will be provided by the Bureau of Prisons does not make the remedy futile. Cf. Greene v. Meese, 875 F.2d 639, 641 (7th Cir. 1989) ("No doubt denial is the likeliest outcome, but that is not sufficient reason for waiving the requirement of exhaustion. Lightning may strike; and even if it doesn't, in denying relief the Bureau may give a statement of its reasons that is helpful to the district court in considering the merits . . . ."). As Petitioner has not met his burden of establishing "extraordinary circumstances" that

would justify excepting him from the exhaustion requirement, this objection is **OVERRULED.**[1]

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, the § 2241 petition is **DENIED**, this civil action is **CLOSED**, and a final judgment shall be **ENTERED** in favor of Respondent.

SO ORDERED this 14th day of April, 2009, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

---

[1] The remainder of Petitioner's objections are likewise without merit and are also **OVERRULED.**

3